**In the Matter of Patrick V. BAKER, Respondent.**

**No. 49S00–0802–DI–73.**

Supreme Court of Indiana.

Oct. 21, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2006, J.M. was indicted for a murder that occurred in 2000, and a public defender was appointed to represent him. Without invitation from J.M. or anyone else, Respondent visited J.M. in jail and agreed to represent him without charge.

During his opening statement, Respondent stated that search dogs were sent out shortly after the victim's disappearance and one dog "alerted" at the home of B.H., but the dog was called off. These statements were false and Respondent should have known that no evidence would be admitted at trial to support them. J.M. was found guilty of murder and sentenced to 65 years.

Respondent filed a notice that he would be providing *pro bono* representation for J.M. in his appeal. The court issued an order finding J.M. indigent for the purposes of paying the costs of a transcript for the appeal. Respondent, however, never requested funds for copying and binding the appellant's brief and appendix. Instead, he told J.M.'s mother that technically they could probably request the trial court to pay these costs, but the court would not pay because of extreme criticism of the judge and the prosecutor in the appellate brief.

When Respondent filed an appellant's brief for J.M., he sent J.M.'s mother a copy that was not file-stamped and expressed his hope that family or friends would pay the costs to the printer. He later informed J.M.'s mother that the brief would be refiled to correct grammatical errors, told her that the copying expenses needed to be paid, and asked her for payment of at least $1,500. J.M.'s mother was unaware that that original brief had already been filed and feared that failure to pay the costs of printing and binding would result in the brief not being filed. She therefore sold some personal items and sent Respondent a check for $1,500.

The parties cite the following facts in aggravation: (1) Respondent's misconduct was motivated by selfishness, expecting that publicity from the case would lead to an increase in business; (2) Respondent victimized three vulnerable people—J.M., B.H., and J.M.'s mother; and (3) Respondent's multiple ethical offenses demonstrated a gross disregard for the Professional Rules of Conduct. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) he was cooperative with the Commission; and (3) he is remorseful.

We note that there is no allegation in this proceeding that Respondent provided substandard services to J.M. or that Respondent's improper representations during his opening statement prejudiced J.M. or the State.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Making an agreement for, charging, or collecting an unreasonable amount for expenses.

3.4(e): Alluding to any matter in trial that the lawyer does not reasonably believe will be supported by admissible evidence.

4.1(a): Knowingly making a false statement of material fact or of law to a third person in the course of representing a client.

7.3(a): Improperly soliciting employment in-person from a person with whom the lawyer has no prior relationship when a significant motive is the lawyer's pecuniary gain.

**Discipline:** The parties propose the appropriate discipline is a six-month suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of not less than six months, beginning November 25, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabili-

tation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.